UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60159-RUIZ/STRAUSS

**CARLOS CRUZADO-RODRIGUES,**

    Plaintiff,

v.

**MARTIN J. O'MALLEY,**
Commissioner of Social Security**,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Attorney's Request to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) ("Motion"). [DE 18]. For the reasons stated below, I respectfully **RECOMMEND** that the Motion be **GRANTED**.

Plaintiff initially filed a complaint seeking review of the Commissioner for Social Security's denial of her application for disability benefits on March 16, 2020. *Cruzado-Rodrigues v. Saul*, 20-cv-60563 (S.D. Fla. 2021) [DE 1]. The Court remanded the case to the Commissioner and subsequently awarded Plaintiff $5,990.25 in attorney's fees under the Equal Access to Justice Act ("EAJA"). *Id.* at [DE 34, 38]. On remand, the Commissioner again denied Plaintiff's application, and, on January 21, 2022, Plaintiff filed the instant case, seeking review of that denial. [DE 1]. On July 26, 2022, this Court again remanded the case to the Commissioner for Social Security to conduct further proceedings. [DE 14]. Following this second remand, the Commissioner awarded Plaintiff $85,72.00 in past due benefits. [DE 18–2]. Based on this award of past-due benefits, and pursuant to a contingency fee agreement he has with his client, Plaintiff's counsel now seeks authorization to charge Plaintiff a total fee of $21,431.50 (reflecting 25% of

the past due benefits awarded), consisting of the $5,990.25 already awarded and an additional net fee of $15,441.25 under the Social Security Act, 42 U.S.C. § 406(b). [DE 18; 18–1].

Having considered the record, the applicable case law, the results obtained, the hours spent on the case, counsel's reputation and experience, and that Plaintiff represents that Defendant does not support nor oppose the Motion (Defendant has not filed anything to the contrary), I find that Plaintiff's requested attorney's fees are reasonable. *See Pace v. Comm'r of Soc. Sec.*, 19-14459-CIV, 2021 WL 4523699, at *2 (S.D. Fla. Oct. 4, 2021) (finding that an award of attorney's fees equal to twenty-five percent of the plaintiff's past-due Social Security benefits was reasonable); *Forbes v. Berryhill*, 18-CV-61769, 2021 WL 256364, at *1 (S.D. Fla. Jan. 26, 2021); *Garcia v. Berryhill*, 18-22937-CIV, 2020 WL 7698955, at *1 (S.D. Fla. Dec. 27, 2020) (same); *Trejos v. Comm'r of Soc. Sec.*, 607-CV1100-ORL28GJK, 2010 WL 2854234, at *3 (M.D. Fla. June 17, 2010) (same), *report and recommendation adopted*, 607CV-1100-ORL28GJK, 2010 WL 2927682 (M.D. Fla. July 21, 2010). Plaintiff's requested attorney's fees are less than twenty-five percent of the past due benefits awarded by the Commissioner, and Plaintiff's counsel has deducted the fees this Court previously awarded under the EAJA to ensure that this amount is "refund[ed]" to Plaintiff. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request."). Accordingly, the Motion should be granted, and counsel should be permitted to charge Plaintiff a total fee of $21,431.50 minus the $5,990.25 already awarded to counsel under the EAJA for a net fee of $15,441.25. *See Pace*, 19-14459-CIV, 2021 WL 4523699, at *3.

## **CONCLUSION**

Based on the foregoing, I respectfully **RECOMMEND** that the Motion be **GRANTED,** and that counsel may charge Plaintiff the sum of **$15,441.25** for § 406(b) fees out of Plaintiff's past-due benefits.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 6th day of November 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge