UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60159-RAR

**CARLOS CRUZADO-RODRIGUES**,

    Plaintiff,

v.

**MARTIN O'MALLEY**,
*Commissioner of Social Security*,

    Defendant.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Strauss's Report and Recommendation ("Report"), [ECF No. 19], filed on November 6, 2024.  The Report recommends that the Court grant Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), [ECF No. 18] ("Fee Motion").  *See* Report at 1.  Defendant filed a response to the Fee Motion ("Response") indicating that Defendant neither supports nor opposes the Fee Motion.  *See* [ECF No. 20] at 1.  With Defendant having submitted a response, there are no objections to the Report.

When a magistrate judge's "disposition" has been properly objected to, a district court must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[]

[judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)).  In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review.[1] Rather, the Court reviewed the Report for clear error.  Finding none, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 19], is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion, [ECF No. 18], is **GRANTED**.

3. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of November, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant's Response notes that the Fee Motion asks the Court to subtract (or "net") fees allowed under the Equal Access to Justice Act ("EAJA"), such that the amount awarded under 42 U.S.C. § 406(b) would be $15,441.25, representing the difference between the full § 406(b) amount requested ($21,431.50) and the amount of EAJA fees already received ($5,990.25).  Response at 2.  Accordingly, Defendant requests that the Court "distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purpose[s]" because "the reasonableness determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset."  *Id.*  Upon review of the Report, the Court finds that the Report's reasonableness determination was in fact based on the full § 406(b) fees sought rather than the net fee awarded after the offset.  In making the reasonableness determination, the Report found that "Plaintiff's requested attorney's fees are less than twenty-five percent of the past due benefits awarded by the Commissioner, and Plaintiff's counsel has deducted the fees this Court previously awarded under the EAJA to ensure that this amount is 'refund[ed]' to Plaintiff."  Report at 2.  The Report further finds that "the Motion should be granted, and counsel should be permitted to charge Plaintiff a *total* fee of $21,431.50 minus the $5,990.25 already awarded to counsel under the EAJA for a net fee of $15,441.25."  *Id.* (emphasis added).  The Report thus clearly distinguishes between the *total* fee, which was found reasonable because it was less than twenty-five percent of the past due benefits and is the amount to be "charged," and the *net* fee to be paid, which is to be calculated by subtracting the $5,990.25 already awarded to counsel from the total fee.